

Stephen G. Rickershauser
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Stephen.Rickershauser@lewisbrisbois.com
Direct: 212.863.9522

October 10, 2025

**VIA ECF**

Hon. Gary Stein, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 9A
New York, New York 10007-1312

**MEMO ENDORSED**

    Re:    *My Goals Solutions, Inc. et al v. Zeus Networks, LLC., et. al.*
              Case No. 1:24-cv-2918-VSB-GS

Dear Magistrate Judge Stein:

      Our firm represents defendant Zeus Networks, LLC ("Zeus") in this matter. We write, pursuant to Your Honor's individual rules, to raise discovery disputes that have arisen relating to Plaintiffs' deficient damages computation and their failure to provide other discovery. Zeus has made good faith attempts to resolve these issues amicably with Plaintiffs to no avail. Accordingly, Zeus respectfully requests a conference to further address these issues or, in the alternative, requests that the Court issue a ruling without a further conference.

      By way of a brief background, Plaintiffs commenced this action on April 17, 2024, by filing a Complaint seeking compensatory, punitive and injunctive relief against Zeus alleging various claims stemming from Zeus's alleged use of Plaintiffs' marks in its Docu Follow series, Transforming Rollie. After motion practice, the remaining claims are for trademark infringement under the Lanham Act and New York law and trademark dilution under New York law. The parties appeared for an initial status conference on May 28, 2025, and entered a Case Management Plan and Scheduling Order ("CMPSO") that same day. (ECF Doc. 42)

      Pursuant to the CMPSO, the parties exchanged their respective Rule 26 initial disclosures, written discovery demands, including requests for admission within the deadlines permitted and as otherwise agreed upon by the parties. The parties also responded to interrogatories and requests for admission. Zeus also provided written responses to Plaintiffs' request for documents and produced documents in its possession responsive thereto. Plaintiffs, on the other hand, have not responded to Zeus's first request for documents, served on July 21, 2025 (the "Request") or produced any documents.

Hon. Gary Stein, U.S.M.J.
October 10, 2025
Page 2

On September 17, 2025, I sent a letter to Plaintiffs' counsel advising that the damages computation set forth in their Rule 26 disclosures was deficient and requesting that Plaintiffs supplement their Rule 26 disclosures to that effect and provide supporting proof. The pertinent portion of Plaintiffs' Rule 26 Disclosures[1] states as follows:

C. Computation of Damages

Plaintiffs aver damages of at least Four Million Dollars ($4,000,000) plus counsel fees and suit. Same is computed as the willful use of Plaintiffs' trademarks after specific notice of withdrawing any right to use same was made. Plaintiffs further aver a right to actual damages, trebled, for profits that Defendants obtained which is to be calculated after discovery. Plaintiffs further demand actual damages as to be determined in discovery. Plaintiffs further demand legal fees and costs as per the law. (Plntfs' R. 26 Disclosures, p.4)

This disclosure is patently insufficient under Rule 26(a)(1)(a)(iii), which requires a plaintiff to disclose, without request, "a computation of each category of damages claims," and "to make available for inspection ... the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. Critically, "Rule 26(a) requires more than providing -- without explanation -- undifferentiated financial statements; it requires a 'computation' supported by documents." Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006) (affirming district court's decision to preclude evidence of lost profits where plaintiff provided only financial statements in support). Moreover, a party cannot satisfy Rule 26(a) by "merely setting forth the figure demanded" unaccompanied by any analysis; rather, "the disclosures must be sufficiently specific that the opposing party has some basis to calculate the damages claimed against it." Max Impact, LLC v. Sherwood Grp., Inc., No. 09-CV-0902, 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014).

Plaintiffs' Rule 26 computation of damages is deficient in several critical aspects and fails to meet the requirements set forth by Rule 26(a). First, Plaintiffs have not provided a detailed computation of each category of damages and have failed to offer any analysis or explanation for the $4,000,000 figure. Additionally, Plaintiffs' disclosure fails to identify any documents or evidentiary material to substantiate their claimed damages, and to date, Plaintiffs have not made any such information available. The absence of such supporting documentation leaves this figure entirely unexplained and unsubstantiated. Zeus cannot proceed with meaningful discovery given Plaintiffs' breach of their discovery obligations.

Zeus advised Plaintiffs of these issues in our September 17 letter. That letter also advised that Plaintiffs' response to Zeus's Interrogatory No. 14 seeking a damages computation was improper as it referred only to Plaintiffs' Rule 26 Disclosures. On September 30, 2025, I sent follow up

---

[1] Plaintiffs' Rule 26 Disclosures are enclosed herewith.

Hon. Gary Stein, U.S.M.J.
October 10, 2025
Page 3

correspondence to Plaintiffs' counsel via email advising that no response had yet been received. On October 7, 2025, I followed up yet again and asked to meet and confer given the failure to respond, pointing out Plaintiffs' failure to respond to Zeus's request for documents and to produce documents. To date, Zeus has not been able to resolve these issues as Plaintiffs have not responded to any of Zeus's good faith attempts.

   For the above reasons, Zeus respectfully requests a conference to further address these issues or, in the alternative, requests that the Court issue a ruling directing correction of the Rule 26 disclosures and service of complete responses to the Request and production of all responsive documents, without a further conference. We thank the Court for its time and consideration.

              Respectfully submitted,

              /s/ Stephen G. Rickershauser

              Stephen G. Rickershauser of
              LEWIS BRISBOIS BISGAARD & SMITH LLP

SGR/so

Cc: *Via ECF* (All Counsel of record)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MY GOALS SOLUTIONS, INC. and NYC MEDICAL PRACTICE IP HOLDINGS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ZEUS NETWORKS, LLC; JOHN AND JANE DOES 1-10; and BUSINESS ENTITIES A-J, <br><br> Defendants. | Civil Case No. 1:24-cv-2918-LTS-GS <br><br> PLAINTIFFS' INITIAL RULE 26 DISCLOSURES |

TO:    Stephen G. Rickershauser, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
77 Water Street, Suite 2100
New York, New York 10005

## DEFENDANTS' INITIAL RULE 26 DISCLOSURES

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs MY GOALS SOLUTIONS, INC. and NYC MEDICAL PRACTICE IP HOLDINGS CORP., (hereafter, as applicable, collectively as "Plaintiffs") provide the following disclosures, which are based upon the information available to them at this time.

A.    <u>Persons Having Knowledge</u>

The following individuals have information, which is discoverable, relevant to the disputed facts alleged within particularity in the pleadings (subject to further discovery and amendment):

    a.  Sergey Voskin, MD (by and through counsel).  Dr. Voskin is the principal of both Plaintiffs herein.  He has specific knowledge of the promises made by Defendants to induce the agreement to provide services upon third-party Goldie Martin.  He is present on various episodes of the subject television show and is referenced therein and in promotional materials and promotion by parties.  He has knowledge of the trademarks which are the subject of this matter.  He has personal knowledge of the various representations made.  He has knowledge of the execution of the relevant documents and to his intention regarding same. He has knowledge of the defamation and results from such defamatory conduct.  He has knowledge of the results of the arbitration against Ms. Martin and findings thereto.

b. Ashley Baldwin (by and through counsel for Plaintiffs as part of the litigation control group until further update). Ms. Baldwin was a social media manager for Plaintiff My Goals Solutions, Inc. ("MGS"). She was directly involved in the identification of Ms. Martin as an influencer and was involved in the negotiations of the terms of her retention as same. Ms. Baldwin has specific knowledge of the promises made by Defendants to induce the agreement between the parties. Ms. Baldwin has knowledge of the conduct of Defendants and their representatives subsequent to the retention. Other knowledge as the result of continuing discovery.

c. Ella Voskin (by and through counsel for Plaintiffs). Mrs. Voskin is Dr. Voskin's wife and, as such, assists him and provides various tasks for Plaintiffs. She was directly involved in the retention of Ms. Martin. Mrs. Voskin appears in the video teasers and is the target of Goldie Martin's ire at various points in the video and the threats made for the purpose of creating drama. She has personal knowledge of the harms to Plaintiffs as a result of Defendants and their representatives' conduct. She also has knowledge of the personal harm she suffered as a result of this conduct. She has knowledge that she did not sign a release to use her image despite showing up on video.

d. Umed Makhsumov (by and through counsel for Plaintiffs). Mr. Makhsumov is a general manager for Plaintiff MGS. He has personal knowledge regarding the harm to the business as a result of Plaintiff's conduct.

e. Alma Zemlyak, MD (by and through counsel for Plaintiffs). Dr. Zemlyak was the surgeon who performed the first procedure on Ms. Martin as part of the agreements between the parties. She has knowledge of the conduct of Ms. Martin and Defendants thereafter.

f. Mark Solomon, MD (by and through counsel for Plaintiffs). Dr. Solomon was the surgeon who performed the second procedure on Ms. Martin as part of the agreements between the parties. He has knowledge of the conduct of Ms. Martin and Defendants thereafter.

g. Goldie Martin aka Rollie Pollie (last known address being 1307 West Washington Avenue, Las Vegas, Nevada 89106). Ms. Martin was the subject and, upon information and belief, the executive producer of the subject show (Transforming Rollie). She has knowledge of the discussions between herself, her team, Plaintiffs and Defendants. She has knowledge of the procedures in question, the result, and the inducements. She has knowledge about the show itself, its production and promotion. She has knowledge of her own conduct in promoting same. She has knowledge of the use of the trademarks.

h. Jamila Nassar (to be determined). Ms. Nassar is identified as a junior talent producer for Defendant the Zeus Networks though it is unknown as to whether or not she is still employed or her current contact information. Ms. Nassar was the one who provided the forms to the Plaintiffs and their representatives for review

   and made certain promises on behalf of Zeus with her advising or implying of her ability to bind Zeus.  She has knowledge of the inducements and the use of the trademarks.

  i. Jaleer Wiggins (to be determined).  Mr. Wiggins was identified as a Talent Producer for Defendant the Zeus Networks though it is unknown as to whether or not he is still employed or his current contact information.  Mr. Wiggins was the individual who was negotiating certain terms for the use of the facility and staff on behalf of Zeus and presented the subject location agreements to Plaintiffs for review and consideration.  He thus has knowledge of the representations and inducements made to Plaintiffs and to use the trademarks.

  j. Lemuel Plummer (via Defendants' Counsel).  Mr. Plummer is, upon information and belief, the president and/or managing member of Defendant Zeus Networks.  Mr. Plummer is, upon information and belief, also a producer for the Transforming Rollie show, and was directly involved in its production, promotion, and other advertisements. Upon information and belief, he was directly involved in the intent to further dramatize the show in order to create controversy.  Upon information and belief, he was also involved in the promotion of the show including the decision to have Ms. Martin make multiple false representations in order to increase promotion.

  k. Others to be identified in continuing discovery

   B. <u>Documents</u>

The following categories of documents are relevant to the disputed facts alleged with particularity in the pleadings:

  a. Communications between Plaintiffs and any of the named Defendants;

  b. All communications between Defendants internally or its' agents or any third parties including text messages, emails, WhatsApp messages, etc. which shall include any other medical practices to which Defendants utilized subsequent to Plaintiffs' affiliated practices;

  c. Copies of all draft advertisements for Transforming Rollie;

  d. Copies of all footage for Transforming Rollie including published and unpublished;

  e. Financial documents showing all income derived from the Transforming Rollie show and any monetized advertisements for same;

-3-

      f.   Financial documents showing payments made from the Transforming Rollie show (including to talent, locations, staff, etc.); and

      g.   Other such documentation as determined through continuing discovery

      C.  <u>Computation of Damages</u>

Plaintiffs aver damages of at least Four Million Dollars ($4,000,000) plus counsel fees and suit. Same is computed as the willful use of Plaintiffs' trademarks after specific notice of withdrawing any right to use same was made. Plaintiffs further aver a right to actual damages, trebled, for profits that Defendants obtained which is to be calculated after discovery. Plaintiffs further demand actual damages as to be determined in discovery. Plaintiffs further demand legal fees and costs as per the law.

      D.  <u>Insurance Agreements</u>

It is unknown if Defendants maintain any insurance for this matter.

Dated: July 7, 2024
       Hackensack, New Jersey

**SHAPIRO CROLAND REISER APFEL & DI IORIO, LLP**

By: _____
Joshua M. Lurie, Esq.
411 Hackensack Avenue, 6th Floor
Hackensack, New Jersey 07601
jmlurie@shapirocroland.com
*Attorneys for Defendants*

Application granted. The Court shall take up these discovery issues at the status conference previously scheduled for Thursday, November 6, 2025 at 11 a.m. Plaintiffs are directed to submit a letter setting forth their position on the issues raised in this letter by no later than Friday, October 24, 2025.

SO ORDERED.

Date:   New York, New York
         October 17, 2025

*[signature: Gary Stein]*
**Gary Stein
United States Magistate Judge
Southern District of New York**